IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01566-BNB

JOSEPH C. IPPOLITO,

    Plaintiff,

v.

THEODORE MINK, Jefferson County Sheriff,

    Respondent.

---

ORDER TO FILE § 2254 APPLICATION

---

    Applicant, Joseph C. Ippolito, resides at the St. Francis Center in Denver, Colorado. He initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Mr. Ippolito has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On June 5, 2014, the Court reviewed the Application and determined that it failed to comply with Fed. R. Civ. P. 8. The Court directed Mr. Ippolito to file an Amended Application within thirty (30) days. Mr. Ippolito filed his Amended § 2241 Application on June 19, 2014.

    On June 26, 2014, the Court directed Respondent to file a preliminary response to the Amended Application addressing the issues of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies. Respondent filed a Preliminary Response on July 16, 2014 (ECF No. 17), and Applicant filed a Reply on August 6, 2014.

    The Court must construe the Amended Application liberally because Mr. Ippolito

is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ippolito will be ordered to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 if he intends to proceed in this action.

## I. Procedural History

In March 2012, Mr. Ippolito was arrested and charged with assault in Case No. 12-cr-00846 in Jefferson County, Colorado. (ECF No. 17-1; 17-4, at 2-3). He was released on bond under conditions that he not consume alcohol and that he undergo monitored sobriety through urinalysis and breathalyzer. In August 2012, Mr. Ippolito was arrested and detained for violating the conditions of bond. (ECF No. 17-5, at 2). On May 24, 2013, he was convicted in Case No. 12-cr-00846 and sentenced to a two-year prison term in the Colorado Department of Corrections (CDOC). (ECF No. 17-2). On June 18, 2013, Mr. Ippolito pleaded guilty to violation of bail bond conditions, a violation of COLO. REV. STAT. § 18-8-212(1), in Jefferson County District Court Case No. 12-cr-2252. (ECF No. 17-3). He was sentenced to a 12-month prison term in the CDOC, to run consecutive to the sentence he received in Case No. 12-cr-00846. (*Id.*).

On December 23, 2013, Mr. Ippolito filed a 42 U.S.C. § 1983 action in this Court, Case No. 13-cv-03480-LTB, challenging the revocation of his bond based on the results of sobriety tests and claiming that the Defendants, *inter alia*, failed to provide him with the proper disclosure and consent forms and violated state and federal requirements for the disclosure of personal information. The action was dismissed without prejudice under the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). Alternatively, the Court

determined that Mr. Ippolito's claims were frivolous.  On appeal, the United States Court of Appeals for the Tenth Circuit affirmed the dismissal under *Heck. See Ippolito v. Justice Service Div.*, No. 14-1079, 562 F. App'x 690 (10th Cir. April 21, 2014).

Mr. Ippolito filed a § 2241 Application in this Court on June 3, 2014, challenging pre-trial services' implementation of the bond conditions, which resulted in bond revocation and detention.

Applicant was released from CDOC custody on August 19, 2014.  (ECF No. 24).

## II. Federal Habeas Relief

The state court records submitted by Respondent demonstrate that Mr. Ippolito was convicted of violating the conditions of his bond in June 2013 and, therefore, he was a convicted prisoner, not a pre-trial detainee, at the time he initiated this action.

A detainee may challenge the legality of pre-trial conditions of release and the revocation of those conditions, pending trial, in a § 2241 Application.  *See Yellowbear v. Wyoming Attorney General,* 525 F.3d 921, 924 (10th Cir.2008) (stating that pretrial detention can be challenged through a habeas petition brought under 28 U.S.C. § 2241); *Walck v. Edmondson,* 472 F.3d 1227, 1235 (10th Cir. 2007) ("[Section] 2241 is the proper avenue by which to challenge pretrial detention.").  However, once convicted, the prisoner's remedy to challenge the legality of his conviction is under 28 U.S.C. § 2254.  *See Jacobs v. McCaughtry,* 251 F.3d 596, 597 (7th Cir. 2001) (explaining that a state court defendant held pursuant to a state court judgment should file a habeas petition under § 2254, but that a state court defendant attacking his pretrial detention should bring a habeas petition under § 2241); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir.1998) ("Although Stringer is 'in custody pursuant to the judgment of a state

court,' i.e. the prior felony conviction for which his parole was revoked, he is not attacking the state court judgment. Rather, he is seeking release from the pending state criminal proceedings against him. Therefore, we should construe Stringer's filing as a habeas petition with § 2241 as the jurisdictional basis.").

If Mr. Ippolito intends to challenge the validity of his conviction in Jefferson County District Court Case No. 12-cr-2252, he must proceed under 28 U.S.C. § 2254, not § 2241.[1]  The § 2254 Application must comply with Fed. R. Civ. P. 8 and Rule 4 of the Rules Governing Habeas Corpus.  In addition, the § 2254 Application shall not exceed 30 pages, *see* www.uscourts.gov, Information and Instructions for Filing a Prisoner Complaint, and must be typed or written legibly.  Accordingly, it is

ORDERED that Applicant, Joseph C. Ippolito, file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complies with this order **within thirty (30) days from the date of this order** if he intends to proceed in this action.  Any papers that Applicant files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Applicant shall obtain the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (with the assistance of his case manager or the facility's legal assistant), at www.cod.uscourts.gov, and use the form in filing the § 2254 Application.  It is

FURTHER ORDERED that, if Applicant fails to file a § 2254 Application that complies with this order **within thirty (30) days from the date of this order**, this action

---

[1]Although Respondent has raised the defense of failure to exhaust state court remedies, which applies to proceedings under both § 2241 and § 2254, *see Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000), the Court is unable to determine definitively from the parties' filings whether Mr. Ippolito has satisfied the exhaustion requirement.

will be dismissed without further notice.  The dismissal shall be without prejudice. It is

FURTHER ORDERED that the "'Motion for Writ of Mandamus,' Production of Records, Information & Documentation Being Withheld from Mr. Ippolito" (ECF No. 21) is DENIED WITHOUT PREJUDICE as premature.

DATED August 22, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge