IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01566-GPG

JOSEPH C. IPPOLITO,

    Plaintiff,

v.

STATE OF COLORADO: DEPARTMENT(S) OF CORRECTIONS/DIVISION OF ADULT
      PAROLE,
JOHN W. HICKENLOOPER: GOVERNOR,
RICK RAEMISCH: EXECUTIVE DIRECTOR (DOC),
WALT PESTERFIELD: DIRECTOR OF ADULT PAROLE COLORADO DEPT. OF
      CORRECTIONS,
JOHN AND JANE DOES ET AL. X-XL, 1-100, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

Applicant, Joseph C. Ippolito, resides at the St. Francis Center in Denver, Colorado.[1]  He initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Mr. Ippolito has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

**I. Procedural History**

On June 5, 2014, the Court reviewed the § 2241 Application and determined that it failed to comply with Fed. R. Civ. P. 8.  The Court directed Mr. Ippolito to file an Amended Application within thirty (30) days.  Mr. Ippolito filed his Amended § 2241 Application on June 19, 2014.  In the Amended § 2241 Application (ECF No. 7), Mr.

---

[1]Although Mr. Ippolito has provided the St. Francis Center as his residential address, a copy of an October 24, 2014 Order sent to that address was returned to the Court as undeliverable.  (ECF No. 31).  It is Mr. Ippolito's burden to provide the Court with a valid address. *See* D.C. COLO.L.AttnyR 5(c).

Ippolito purported to challenge the implementation of certain bond conditions imposed by the state district court, which he failed to adhere to, and which resulted in bond revocation.

On June 26, 2014, the Court directed the Jefferson County Sheriff, the Respondent named in the Amended § 2241 Application, to file a preliminary response addressing the issues of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies.  The Sheriff filed a Preliminary Response on July 16, 2014 (ECF No. 17).  In the Preliminary Response, the Sheriff conceded that this action is timely under the AEDPA one-year limitation period, but contended that Applicant failed to exhaust available state court remedies for his claims.  (*Id.* at 3-6).  Mr. Ippolito filed a Reply on August 6, 2014 (ECF No. 22), in which he asserted that he has exhausted all available state court remedies.

Review of the parties' filings revealed that Mr. Ippolito was convicted on June 18, 2013 in Jefferson County District Court Case No. 12CR2252 for violation of bail bond conditions.  (ECF No. 17-3).  He was sentenced to a 12-month term of imprisonment with the Colorado Department of Corrections (CDOC), to run consecutive to the 48-month sentence he received based on an earlier conviction for assault in the third degree.  (*Id.*).  Applicant was released from CDOC custody on August 19, 2014. (ECF No. 24).

In an August 22, 2014 Order (ECF No. 25), Magistrate Judge Boyd N. Boland advised Mr. Ippolito that because he was convicted of violating the conditions of his bond before he filed this action on June 3, 2014, any challenge to the legality of pre-trial detention is moot.  *See Thorne v. Warden, Brooklyn House of Detention for Men,* 479

F.2d 297, 299 (2d Cir.1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."); *Fassler v. United States,* 858 F.2d 1016, 1018 (5th Cir.1988) (holding that federal pretrial detainee's habeas corpus application was rendered moot by his conviction); *Barker v. Estelle*, 913 F.2d 1433, 1440 (9th Cir.1990)  (a petitioner's conviction moots the challenge to the prior detention even if the petitioner is currently incarcerated under the conviction itself); *Williams v. Slater*, No. 08-4047, 317 F. App'x 723, 724 (10th Cir. June 20, 2008) (unpublished) (same).

Magistrate Judge Boland further instructed Mr. Ippolito in the August 22 Order that if his intent was to challenge the validity of his conviction in Jefferson County District Court Case No. 12CR2252, he must proceed under 28 U.S.C. § 2254, not § 2241.  (*See* ECF No. 25).  Magistrate Judge Boland further warned him that if he filed a § 2254 Application, it must comply with Fed. R. Civ. P. 8 and Rule 4 of the Rules Governing Habeas Corpus, must not exceed 30 pages, and must be typed or written legibly.  (*Id.*).  Magistrate Judge Boland ordered Mr. Ippolito to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complied with the August 22 Order within thirty (30) days.[2]  (*Id.*).  Mr. Ippolito filed a § 2254 Application on September 17, 2014 (ECF No. 26), along with a document titled "Proof of Exhaustion

---

[2]The Court notes that Applicant's release from prison did not render relief under 28 U.S.C. § 2254 moot. There is a presumption that the collateral consequences of a criminal conviction are adequate to satisfy Article III's case or controversy requirement.  *See Spencer v. Kemna*, 523 U.S. 1, 10-11 (1998). *See also United States v. Meyers,* 200 F.3d 715, 718 (10th Cir. 2000) (explaining that "there is a presumption of sufficient collateral consequences" where the petitioner's claims challenge the underlying conviction).

Requirement Pursuant to 2254(B)(1)."  (ECF No. 28).

Magistrate Judge Boland thereafter reviewed the § 2254 Application in an October 6, 2014 Order and found it to be deficient for the following reasons: (1) the Application improperly named as Respondents the State of Colorado: Department of Corrections/Division of Adult Parole, John W. Hickenlooper (Colorado Governor), Rick Raemisch (CDOC Executive Director), and Walt Pesterfield (Director of Adult Parole, CDOC); the only proper respondent to a habeas corpus action is the petitioner's immediate custodian, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); (2) instead of requesting immediate release from custody, which is the traditional function of the writ, *see Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973), Mr. Ippolito asks the Court to enjoin the "parties" from "Retaliation & Harassment of any type as a result of this action" (ECF No. 26, at 28); and, (3) it is questionable whether the § 2254 Application complies with the requirements of Fed. R. Civ. P. 8.  (*See* ECF No. 29).

Notwithstanding, Magistrate Judge Boland declined to enter an order directing Mr. Ippolito to file an amended application to cure the deficiencies.  Instead, on October 6, 2014, Magistrate Judge Boland ordered Mr. Ippolito to show cause in writing, within thirty (30) days, why the Application should not be dismissed as procedurally defaulted. (ECF No. 29).

The Court may raise the issue of procedural default *sua sponte* so long as the petitioner is afforded notice and an opportunity to respond.  *See Hardiman v. Reynolds*, 971 F.2d 500, 505 (10th Cir. 1992).  Mr. Ippolito did not respond to the order to show cause by the court-ordered deadline.  The Court assumes that Applicant received the October 6 Order because the copy of the order mailed to Plaintiff at the address on file

4

was not returned to the Court as undeliverable.

## II. Applicable legal standards

Mr. Ippolito's *pro se* filings are afforded a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for a *pro se* litigant, *see Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed as procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). The petitioner must have presented his claim through one "complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citations and internal quotation marks omitted); *see also Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion

5

requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).

A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

## III.  Analysis

The copies of state court records provided by the parties establishes that Mr. Ippolito was convicted in state court pursuant to his guilty plea in June 2013 and did not appeal the conviction. Instead, Mr. Ippolito filed a letter with the state district court on September 6, 2013, which the state court construed as a post-conviction motion, under Colo. Crim. P. Rule 35(c). (ECF No. 28, at 3-7). In the state post-conviction motion, Applicant raised the same claims that he asserts in this federal habeas proceeding. (*Id.* at 5). The state district court denied the Rule 35(c) motion on January 16, 2014. The court's order stated, in pertinent part:

> In 12CR2252, Ippolito pled guilty to Violation of Bail Bond Conditions, in violation of C.R.S. section 18-8-212(1), and was sentenced to 12 months in the [CDOC], consecutive to 12CR846. The charge and conviction in 12CR2252 is based on conduct that occurred between June 14, 2012 and

6

>July 20, 2012, after Mr. Ippolito posted his second bond in 12CR846. The revocation of Mr. Ippolito's first bond was based on his failure to appear for scheduled BA and UAs, three positive UAs for cocaine, and one positive BA for alcohol. However, Mr. Ippolito's conviction in 12CR2252 is not based on collection, use, testing, or disclosure of this information– instead it is based on his failure to appear for his preliminary hearing and failure to report to pretrial services. Therefore, whatever happened during the revocation of his first bond is not relevant to his conviction in 12CR2252 because it was never charged. Furthermore, the non-compliance with bond conditions during the first revocation is unrelated to the assault conviction. Evidence about failure to report for testing or "hot" test results was not disclosed to the jury and Mr. Ippolito does not specifically argue how it tainted the proceedings.
>
>The Court finds there are no grounds under Crim. P. 35(c) justifying relief.

(*Id.* at 6).

There is nothing in this Court's file to indicate that Mr. Ippolito appealed the January 16, 2014 order denying his request for post-conviction relief to the Colorado Court of Appeals, and Applicant has failed to demonstrate otherwise.

The state court records attached to the Sheriff's Preliminary Response reflect that sometime in 2013, Applicant initiated a civil action in Jefferson County District Court Case No. 2013CV942 with a document titled "Statements of the Nature and the Extent of Injuries Claimed by Mr. Ippolito." (ECF No. 17-6, at 1). The civil action was dismissed by the state district court on January 2, 2014 for Applicant's failure to prosecute. (ECF No. 17-7). Mr. Ippolito filed a Petition for a Writ of Mandamus with the Colorado Supreme Court (related to Jefferson County District Court Case Nos. 2013CV942 and 2012CR2252), which was denied on May 15, 2014. (ECF No. 17-8). He also filed a Petition for Writ of Habeas Corpus directly with the Colorado Supreme Court, which was denied the same date. (ECF No. 28, at 11). On May 20, 2013, Applicant filed documents with the Colorado Supreme Court purporting to be an

7

"appeal." (ECF No. 28, at 18-21).

"Raising [a] claim in" a "procedural context in which its merits will not be considered unless 'there are special and important reasons therefor'" does not "constitute 'fair presentation'" for purposes of satisfying the state exhaustion requirements. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). *See also Parkhurst v. Shillinger,* 128 F.3d 1366, 1369 (10th Cir.1997) (petition for discretionary state supreme court review did not constitute fair presentation)*; accord Esquibel v. Williamson*, No. 10-1357, 421 F. App'x. 813, 815 (10th Cir. Dec. 3, 2010) (unpublished) (concluding that a petition for writs of prohibition and mandamus filed with the Colorado Supreme Court pursuant to Colo. R.App. P. 21 was not the equivalent of a direct appeal and thus did not satisfy the exhaustion requirement); *Bell v. Simpson*, 918 P.2d 1123, 1125 n. 3 (Colo.1996) (petition seeking the exercise of the Colorado Supreme Court's original jurisdiction is "not a substitute for appeal") (en banc)).

Mr. Ippolito also represents that he filed a petition for habeas relief under § 13-45-101, C.R.S., in the state district court on September 17, 2012 in Case No. 12cv846 (later re-assigned as Case No. 13cv780). (ECF No. 22, at 5-6). However, the state habeas petition was filed before he was convicted in June 2013 of violating the terms of his bail bond conditions, and, therefore, cannot satisfy the exhaustion requirement, which requires him to challenge the legality of his *conviction* in the state courts prior to seeking federal habeas relief.

In short, the Court's file demonstrates that Mr. Ippolito failed to properly exhaust his state court remedies before seeking relief under 28 U.S.C. § 2254. He did not appeal the state court's denial of his state post-conviction motion to the Colorado Court

8

of Appeals and his other state court filings do not satisfy the exhaustion requirement.

If Mr. Ippolito attempted to raise his claims in a second state post-conviction motion at this time, the motion would be barred by the abuse of the writ doctrine embodied in Colo. R. Crim. P. 35(c)(3)(VII).  The state procedural rule provides that "[t]he court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought."  Colo. R. Crim. P. 35(c)(3)(VII).  *See also People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010); *accord Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted).  Colo. R. Crim. P. 35(c)(3)(VII) is an adequate state procedural ground for rejecting a claim.  *See Burton v. Zavaras*, No. 09-1094, 340 F. App'x 454-55 (10th Cir. Aug. 4, 2009) (unpublished) (applying Colorado's bar against successive claims); *Williams v. Broaddus*, No. 08-1254, 331 F. App'x 560, 563 (10th Cir. May 20, 2009) (unpublished).

The Court finds that Mr. Ippolito has procedurally defaulted his federal claims in the state courts.  Further, nothing in Applicant's pleadings suggests cause for his procedural default or that a fundamental miscarriage of justice will occur if the Court does not review the merits of his claims. *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.  Accordingly, it is

ORDERED that the § 2254 Application (ECF No. 26) is DENIED and this action

is DISMISSED WITH PREJUDICE as procedurally barred. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Ippolito has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Ippolito files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

FURTHER ORDERED that the Motion for Writ of Mandamus (ECF No. 27) requesting copies of the records maintained by the Defendants is DENIED as moot.

DATED December 23, 2014, at Denver, Colorado.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court